UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOHN JOSEPH DUNN,

              Petitioner,

v.                                                                      No. 1:25-CV-00244-H

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,

              Respondent.

## OPINION AND ORDER DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner John Joseph Dunn, a self-represented state prisoner, filed a petition for

writ of habeas corpus under 28 U.S.C. § 2254.  After reviewing the petition, the Court

notified Petitioner that his claims were not cognizable in a habeas context and advised him

that it intended to redesignate his pleading as a civil-rights complaint.  Dkt. No. 4.

Petitioner objected to the Court's intended construction, insisting that his claims sound in

habeas.  Dkt. No. 5.  He asserts that he does "not wish to file any other petition than th[is]

one."  *Id.*  He also filed a motion for a *Spears*[1] hearing on the matter.  Dkt. No. 6.  Because

Petitioner objects to the redesignation of his case, the Court will not construe his pleadings

as civil-rights complaint.  But the Court concludes that he fails to show that he is eligible for

federal habeas relief.  Thus, the petition is denied and dismissed with prejudice for failure to

state an actionable claim.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1.    **Background and Petitioner's claims**

Petitioner admits that "this petition has nothing to do with [his] July 2022 conviction;" instead, he challenges the Board of Pardons and Paroles' (BPP) denial of his request to participate in a drug treatment program. Dkt. No. 1 at 14, 17. He clarifies that he is not "arguing for parole, [his petition] is about rehabilitation." *Id.* at 17–18. As a result, he seeks an order compelling the BPP to grant him "IPTC"[2] drug treatment. *Id.* at 16. He asserts that his claims sound in habeas because the BPP's refusal to place him in drug treatment renders his imprisonment unlawful. Dkt. No. 5.

2.    **Legal Standards**

Federal habeas relief is unavailable "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995). "The law is well settled that a prisoner has no constitutional right to participate in an educational or rehabilitative program." *Rivera v. Fox,* No. A-06-CA-609 SS, 2006 WL 3245740, at *3 (W.D. Tex. Nov. 7, 2006) (citing *Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976)); *See also Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 49 (5th Cir. 1995) (explaining that "[p]risoner classification and eligibility for rehabilitation programs . . . are not directly subject to 'due process' protections").

---

[2]IPTC refers to TDCJ's "In-Prison Therapeutic Community" program, which "provide[s] services to qualified inmates identified as needing substance use treatment."
https://www.tdcj.texas.gov/divisions/rrd/substance_abuse.html (last visited Nov. 12, 2025).

Likewise, the United States Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (explaining that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") Moreover, "it is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers." *Brasfield v. Owens*, No. A-05-CA-1009-SS, 2007 WL 9701123, at *9 (W.D. Tex. Aug. 28, 2007). And Texas has elected not to create a liberty interest in parole. *See Orellana*, 65 F.3d at 31–32; *Allison v. Kyle*, 66 F.3d 71, 73–74 (5th Cir. 1995).

In fact, it is well established that "[a] Texas prisoner does not necessarily have a constitutional expectancy of release on a particular date." *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Rather, in Texas, "[a]s a general rule, only sanctions which result in loss of good conduct time for inmates who are eligible for release on mandatory supervision or which otherwise directly or adversely affect release on mandatory supervision will impose upon a liberty interest." *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) (citing *Orellana*, 65 F.3d at 31–33).

**3.    Discussion**

The Court finds that an evidentiary hearing is not necessary to resolve this petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) (explaining that "a petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction"). Thus, Petitioner's motion for a *Spears* hearing is denied. Dkt. No. 6.

Petitioner fails to demonstrate that he is entitled to federal habeas relief. His claims fail to implicate any federally protected liberty interest. Contrary to his unsupported conclusions, Petitioner has no constitutional right to placement in a drug treatment program. Moreover, he has no constitutional expectancy in parole or parole eligibility. And because placement in IPTC would not automatically accelerate Petitioner's release, his claim is not cognizable under the habeas statutes. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). Thus, his petition fails to state a claim that entitles him to federal habeas review.

**4.    Conclusion**

For the reasons discussed above, Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 must be denied and dismissed for failure to state a claim.

Also, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong" or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." Thus, any request for a certificate of appealability should be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

All relief not expressly granted, and any remaining pending motions are denied.

So ordered.

Dated April 6, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

4